Antonio **ROLDAN–GALLEGOS,** Ma Merced Resendiz De Roldan, Apalonia

Roldan–Resendiz, Antonio Roldan–Resendiz, and Mirella Roldan–Resendiz, Petitioners,

v.

Michael B. MUKASEY,* Attorney General, Respondent.

No. 05–73789.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.**

Filed Dec. 28, 2007.

Antonio Roldan–Gallegos, Hollister, CA, pro se.

Ma Merced Resendiz De Roldan, Hollister, CA, pro se.

Apolonia Roldan–Resendiz, Hollister, CA, pro se.

Mirella Roldan–Resendiz, Hollister, CA, pro se.

Antonio Roldan–Resendiz, Hollister, CA, pro se.

Katarina Rost, Esq., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Cindy S. Ferrier, Esq., R. Alexander Goring, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM ***

Lead petitioner Antonio Roldan–Gallegos and his wife and three children, all

---

* Michael B. Mukasey is substituted for his predecessor Alberto R. Gonzales, as Attorney General of the United States, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the

natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming an Immigration Judge's ("IJ") decision denying Petitioners' applications for asylum, withholding of removal, protection under the Convention Against Torture (CAT), and cancellation of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review de novo claims of due-process violations. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). We deny in part and dismiss in part the petition for review.

Petitioners contend that the IJ violated due process by ignoring evidence relevant to their applications for cancellation of removal, and failing to investigate adequately those applications. Contrary to Petitioners' contentions, the proceedings were not " 'so fundamentally unfair that [they were] prevented from reasonably presenting [their] case.' " *Id.* (citation omitted). Moreover, Petitioners have failed to specify what evidence was ignored or not developed, and have not explained how the evidence would have affected the outcome of the proceedings. *See id.* (requiring prejudice to prevail on a due process challenge).

Petitioners also contend that the IJ violated due process by departing from proper procedure, failing to provide them an adequate opportunity to obtain new counsel, failing to investigate adequately the asylum and withholding-of-removal claims, and ignoring evidence relevant to the asylum and withholding-of-removal claims. Even though we construe Petitioners' pro se notice of appeal to the BIA liberally, *see Barron v. Ashcroft*, 358 F.3d 674, 676 n. 4 (9th Cir.2004), we lack jurisdiction to review these contentions because Petitioners

failed to raise them before the BIA. *See id.* at 678 (due process challenges that are "procedural in nature" must be exhausted).

We also lack jurisdiction to review the agency's discretionary determination that Roldan–Gallegos and Resendiz de Roldan failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

